UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JAMEL JAMES,
SHARAYNE BOLAR,

                    Plaintiffs,

     - against -

POLICE OFFICER CRAIG VICTORINO (SH: # 22046,
75th PRECINT)
POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4 (75TH PRECINCT)

                    Defendants.
-----------------------------------------------------------X

**CV 12 - 4044**

**NO SUMMONS ISSUED**

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

BLOCK, J.

AZRACK, M.J.

Plaintiffs, by their attorneys, **NASS & ROPER LAW, LLP**, complaining of the Defendants, respectfully allege, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### IN NEGLIGENCE

1. That the damages sought herein exclusive of interest, costs, and disbursements, exceed $75,000, and that this action is being commenced within the time allowed by law for institution of the action.

2. That at all times herein mentioned, Plaintiffs, **JAMEL JAMES AND SHARAYNE BOLAR**, were, and still are residents of the City of New York, County of Kings and State of New York.

3. That upon information and belief and at all times herein mentioned, an individual known as **CRAIG VICTORINO** was employed as a Police Officer by NEW YORK CITY POLICE DEPARTMENT with Shield Number "22046," and was assigned to and worked at the "75th Precinct," which had Police headquarters located at 1000 Sutter Avenue Brooklyn, NY 11208.

4. That, upon information and belief, at all times herein mentioned, "**JOHN/JANE DOE(S) #'S 1-4**," fictitious names whose identity is currently unknown, were employed as Police Officers, Detectives, or in some other capacity as an agents and/or employees of NEW YORK CITY POLICE DEPARTMENT, an agency, department and/or subsidiary of CITY OF NEW YORK.

5. That, upon information and belief, at all times herein mentioned, the individuals **CRAIG VICTORINO**, and "**JOHN/JANE DOE(S) #'S 1-4**," as well as other Police Officer(s), Detectives, and/or other agents and/or employees of NEW YORK CITY POLICE DEPARTMENT underwent a training program in order to become Police officers, detectives, and/or agents and employees of CITY OF NEW YORK that included the proper procedures by which to approach, question, search, and if necessary, detain an individual suspected of a crime, and when, if ever, violent physical force is warranted.

6. That on or about March 13, at approximately 6:30 p.m., while Plaintiffs, **JAMEL JAMES AND SHARAYNE BOLAR**, were pedestrians lawfully driving in a vehicle in the vicinity of Atlantic Avenue in Brooklyn, NY, when Defendants, **POLICE OFFICER CRAIG VICTORINO AND POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4**, pulled over their vehicle and told plaintiffs that the "license plate light" of their car was out.

7. That at the above-mentioned time and location, Defendants then asked both plaintiffs to step out of their car so the defendants could search, to which Plaintiff, **JAMEL JAMES,** told the officers he did not consent to the search and inquired as to the circumstances of the reason for the search.

8. That at the above-mentioned time and location, Defendants, **POLICE OFFICER CRAIG VICTORINO AND POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4,** ignored

2

Plaintiff's, **JAMEL JAMES AND SHARAYNE BOLAR,** refusal to consent to a search of the vehicle and proceeded to search the entire car for approximately 20 minutes before other Defendant Police Officers responded to the scene and proceeded to continue searching the car without Plaintiff's consent.

9. That at the above-mentioned date and location, as Plaintiff, **JAMEL JAMES AND SHARAYNE BOLAR,** were driving home from a family member's house, Defendants, **POLICE OFFICER CRAIG VICTORINO AND POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4,** and/or other Police Officer(s), Detectives, and/or other agents and/or employees of NEW YORK CITY POLICE DEPARTMENT, and/or CITY OF NEW YORK, while acting in the scope and furtherance of their employment, physically encountered, touched, and came into physical contact with Plaintiffs, **JAMEL JAMES AND SHARAYNE BOLAR,** against their will and without their consent.

10. That, upon information and belief, NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK, failed to adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct, and the acts of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants involved in the incident herein, and other related inappropriate behavior.

11. That, upon information and belief, at all times mentioned herein and particularly prior to March 13, 2012, NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK, failed to take all reasonable steps to eliminate the aforesaid conduct of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, towards the public, including Plaintiffs, and to prevent it from occurring in the future, and failed to adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct, and the acts of

Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, related to their purported prior acts of violent and forceful altercations with lawfully present pedestrians, including Plaintiffs, and other related inappropriate behavior.

12. That by reason of the foregoing negligence on behalf of Defendants, **POLICE OFFICER CRAIG VICTORINO AND POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4**, Plaintiffs, **JAMEL JAMES AND SHARAYNE BOLAR,** have been caused to sustain serious permanent personal injuries of mind as well as special damages and loss and/or diminution in their enjoyment of life, and that as a result of the foregoing, the Plaintiffs, **JAMEL JAMES AND SHARAYNE BOLAR**, have sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiffs have been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR FALSE ARREST

13. That at all times herein mentioned, Plaintiffs repeat, reiterate and reallege each and every allegation contained herein as though set forth at length herein.

14. That, at the above-mentioned date and location, immediately after the above-described search of their vehicle, Plaintiffs were handcuffed by Defendants, Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, **POLICE OFFICER CRAIG VICTORINO AND POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4,** and placed in a Police Vehicle and taken to the 75th Precinct office of the NEW YORK CITY POLICE DEPARTMENT, located at 1000 Sutter Avenue Brooklyn, NY 11208, but were never read

4

their *Miranda* rights and were not informed that criminal charges were to be brought against them.

15. That Defendants, **POLICE OFFICER CRAIG VICTORINO AND POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4,** arrested Plaintiffs, **JAMEL JAMES AND SHARAYNE BOLAR,** and charged them with Criminal Possession of Marihuana in the Fifth Degree and Unlawful Possession of Marihuana and then confined them in a prison cell, despite the fact that no marihuana was found in the vehicle or on the person of either plaintiff.

16. That on or about March 13, 2012, at approximately 6:30 p.m., the individuals **POLICE OFFICER CRAIG VICTORINO AND POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4,"** as well as other Police Officer(s), Detectives, and/or other agents and/or employees of NEW YORK CITY POLICE DEPARTMENT, and/or CITY OF NEW YORK accused and arrested plaintiffs, **JAMEL JAMES AND SHARAYNE BOLAR,** of having committed criminal act(s), to wit: Criminal Possession of Marihuana in the Fifth Degree and Unlawful Possession of Marihuana, well knowing that Plaintiffs committed no such criminal act(s) and were acting within the scope of their employment with NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK.

17. That, upon information and belief, on or about March 13, 2012, Plaintiffs, **JAMEL JAMES AND SHARAYNE BOLAR,** were detained initially at the 75th Precinct office of the NEW YORK CITY POLICE DEPARTMENT, located at 1000 Sutter Avenue Brooklyn, NY 11208. where they remained in custody for approximately twenty-four (24) hours until **JAMEL JAMES** was transferred to the Brooklyn Detention Complex for a period of approximately three (3) days and **SHARAYNE BOLAR** was released from the precinct.

18. That, upon information and belief, on or about March 15, 2012, Plaintiff, **JAMEL JAMES**, was arraigned, Plaintiff pled "not guilty" to the criminal charges against him, to wit: Criminal Possession of Marihuana in the Fifth Degree and Unlawful Possession of Marihuana, and Plaintiff was released upon his own recognizance with a Court date set for a date on or around May 16, 2012 before the Kings County Criminal Court Part AP5, at which time all charges were dismissed.

19. That, under the circumstances herein, the Defendants, **POLICE OFFICER CRAIG VICTORINO AND POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4,** falsely arrested, Plaintiffs, **JAMEL JAMES AND SHARAYNE BOLAR,** and they sustained emotional overlay, stress, anxiety, humiliation, embarrassment, tension, and loss of wages and employment opportunity, and that as a result of the foregoing, the Plaintiffs, **JAMEL JAMES AND SHARAYNE BOLAR,** have sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR FALSE AND UNJUST DETENTION

20. That at all times herein mentioned, Plaintiffs repeat, reiterate and reallege each and every allegation contained herein as though set forth at length herein.

21. That as a result of the foregoing, Plaintiffs, **JAMEL JAMES AND SHARAYNE BOLAR,** were held and detained by Defendants, **POLICE OFFICER CRAIG VICTORINO AND POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4,** and Police officer(s), detective(s), agent(s) and/or employee(s) of NEW YORK CITY POLICE DEPARTMENT and/or CITY OF

NEW YORK against their will and without just or any cause and that the foregoing constitutes false and unjust detention of plaintiffs.

22. That as a result of the foregoing negligence on behalf of Defendants, **POLICE OFFICER CRAIG VICTORINO AND POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4**, Plaintiffs, **JAMEL JAMES AND SHARAYNE BOLAR**, have sustained damages for serious permanent personal injuries of mind as well as special damages and loss and/or diminution in their enjoyment of life, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR FALSE IMPRISONMENT

23. That at all times herein mentioned, Plaintiffs repeat, reiterate and reallege each and every allegation contained herein as though set forth at length herein.

24. That as a result of the foregoing, Plaintiffs, **JAMEL JAMES AND SHARAYNE BOLAR,** were held, detained and incarcerated by Defendants, **POLICE OFFICER CRAIG VICTORINO AND POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4,** Police officers, detectives, agents and/or employees of NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK, as well as prosecutors employed by CITY OF NEW YORK, against his will and without just or any cause.

25. That Defendants, **POLICE OFFICER CRAIG VICTORINO AND POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4,** Police officers, detectives, agents and/or employees of NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK, as well as prosecutors employed by CITY OF NEW YORK, intentionally confined Plaintiffs, **JAMEL**

7

**JAMES AND SHARAYNE BOLAR,** who were aware of such confinement, within the definite physical boundaries of a police precinct, criminal courthouse holding cell, jail cell, and/or other place of incarceration, with no reasonable means to contest said unlawful detention.

26. That as a result of the foregoing, Plaintiffs, **JAMEL JAMES AND SHARAYNE BOLAR,** were FALSELY IMPRISONED by the defendants herein, against their will and without just or any cause.

27. That by reason of the foregoing negligence on behalf of Defendants, **POLICE OFFICER CRAIG VICTORINO AND POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4,** Plaintiffs, **JAMEL JAMES AND SHARAYNE BOLAR,** have been caused to sustain serious permanent personal injuries of mind as well as special damages and loss and/or diminution in their enjoyment of life, and that as a result of the foregoing, the Plaintiffs, **JAMEL JAMES AND SHARAYNE BOLAR,** have sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiffs have been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28. That at all times herein mentioned, Plaintiffs repeat, reiterate and reallege each and every allegation contained herein as though set forth at length herein.

29. That as a result of the aforementioned extreme and outrageous conduct intentionally inflicted by Police officers, detectives, agents and/or employees of Defendants, **POLICE OFFICER CRAIG VICTORINO AND POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4,** as well as prosecutors employed by CITY OF NEW YORK, Plaintiffs, **JAMEL JAMES AND**

**SHARAYNE BOLAR,** suffered severe emotional and/or mental distress, including but not limited to emotional overlay, depression, stress, anxiety, humiliation, embarrassment and tension.

30. That as a result of the foregoing intentional, extreme and outrageous acts of the Defendants, Plaintiffs, **JAMEL JAMES AND SHARAYNE BOLAR,** suffered severe emotional and/or mental distress, all of which are permanent in nature, and that as a result of the foregoing, the Plaintiffs, **JAMEL JAMES AND SHARAYNE BOLAR,** have sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

### AND AS FOR A EIGHTH CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C.A. §1983

31. That at all times herein mentioned, Plaintiffs repeat, reiterate and reallege each and every allegation contained herein as though set forth at length herein.

32. That Defendants, in existence, employed, and/or acting under the color and authority of statutes, ordinances, regulations, customs, or usages of the State of New York, failed to follow proper procedures in their conduct towards, and treatment of Plaintiffs, **JAMEL JAMES AND SHARAYNE BOLAR,** all because of their race as African-Americans, which was violative of Plaintiffs', **JAMEL JAMES AND SHARAYNE BOLAR,** right to due process and equal protection under the laws as guaranteed by the Constitution of the United States of America.

33. That by reason of the foregoing, Plaintiffs, **JAMEL JAMES AND SHARAYNE BOLAR,** citizens of the United States who have resided in the City, County and State of New York, were caused to be subjected to the deprivation of his rights, privileges, and immunities

secured by the Constitution and laws of the United States pursuant to Title 42, Section 1983 of the United States Code.

34. That by reason of the foregoing negligence on behalf of Defendants, **POLICE OFFICER CRAIG VICTORINO AND POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4,** Plaintiffs, **JAMEL JAMES AND SHARAYNE BOLAR,** have been caused to sustain serious permanent personal injuries of body and mind as well as special damages and loss and/or diminution in their enjoyment of life, and that as a result of the foregoing, the Plaintiffs, **JAMEL JAMES AND SHARAYNE BOLAR,** have sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiffs have been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

**WHEREFORE**, Plaintiffs, **JAMEL JAMES AND SHARAYNE BOLAR,** demand judgment against Defendants, **POLICE OFFICER CRAIG VICTORINO AND POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4,** on each of the aforementioned causes of action, all of which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiffs demands judgment on each and every cause of action in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS, together with costs and disbursements of this action.

Dated:   New York, NY
         August 13, 2012

Yours, etc.

_____
JUSTIN M. ROPER, ESQ. (7328)

10

## ATTORNEY'S VERIFICATION

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiffs, JAMEL JAMES and SHARAYNE BOLAR. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me, and not Plaintiffs, is that Plaintiffs are not presently in the county wherein the attorneys for the Plaintiffs maintain their offices.

DATED:   New York, New York
         August 13, 2012

_____
JUSTIN M. ROPER, ESQ. (JR7328)

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAMEL JAMES AND SHARAYNE BOLAR,

                          **Plaintiff,**

– against –

POLICE OFFICER CRAIG VICTORINO (SH: # 22046, 75th PRECINT)
POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4 (75th PRECINCT)

                          **Defendants.**

**SUMMONS & VERIFIED COMPLAINT**

NASS & ROPER LAW, LLP
*Attorneys for Plaintiffs*
**JAMEL JAMES and SHARAYNE BOLAR**
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246[*]

---

[*] Not for service of papers.